***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 26, affirmed November 23, 2022

In the Matter of J. M. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

W. F.,
aka B. M. F.,
*Appellant.*

Jackson County Circuit Court
22JU00393; A178688 (Control)

In the Matter of W. F. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

W. F.,
aka B. M. F.,
*Appellant.*

Jackson County Circuit Court
22JU00394; A178689

Joe M. Charter, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this juvenile dependency case, father appeals the judgment asserting jurisdiction over his two children, ages 10 and three, raising eight assignments of error. We affirm.

In his first two assignments, father argues that the juvenile court erred in admitting the protective custody reports over his hearsay objections. Father contends that the court admitted the reports pursuant to the "rule of completeness" contained in OEC 106 (when part of document or conversation admitted, the whole is admissible),[1] which is not an exception to the hearsay rule. Department of Human Services (DHS) responds that the court actually admitted the reports pursuant to OEC 202 (law that is judicially noticed),[2] because the reports were explicitly incorporated into the shelter care orders as the court's findings on reasonable efforts. Having reviewed the record, we agree with DHS, and further conclude that even if the admission of the reports was erroneous, any error was harmless.

In his remaining assignments of error, father argues that the evidence was insufficient to support the jurisdictional bases that father's substance abuse interferes with his ability to safely parent the children and that he leaves the children with unsafe caregivers. The record contains evidence to support the juvenile court's findings that father had relapsed, that someone who cared for the children had recently exposed them to illegal drugs, and that one of their caregivers had a known history of sexual abuse of children. *See Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013) ("We view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome."). In light of that evidence, the juvenile court's conclusion that, absent jurisdiction, there was a reasonable likelihood of harm to the children's welfare, was

---

[1] OEC 106 provides that "[w]hen part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject, where otherwise admissible, may at that time be inquired into by the other."

[2] OEC 202 provides that "[l]aw judicially noticed is defined as: * * * [t]he decisional, constitutional and public statutory law of Oregon."

legally permissible. *See Dept. of Human Services v. C. A. M.*, 294 Or App 605, 615, 432 P3d 1175 (2018) ("A child's welfare is endangered under the statute if conditions and circumstances give rise to a current threat of serious loss or injury to the child." (Internal quotation marks omitted.)).

Affirmed.